IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01971-WDM-CBS

BYRON K. ANDREWS and
ANDREA P. ANDREWS,
    Plaintiffs,
v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, and
BEARPAW, L.L.P. [sic],
    Defendants.

---

**RECOMMENDATION REGARDING PLAINTIFFS'
MOTION FOR TEMPORARY RESTRAINING ORDER**

---

Magistrate Judge Craig B. Shaffer

    Pending before this court is *pro se* Plaintiffs Byron and Andrea Andrews' Motion for Temporary Restraining Order (doc. # 5), filed on September 26, 2007. Plaintiffs' motion seeks an order temporarily preventing their eviction from a 35-acre tract located at 3131 Highway 7, Estes Park, Colorado (hereinafter the "subject property"). Defendant Bearpaw LLC, the entity claiming ownership of the subject property, filed its Response in Opposition (doc. # 19) on November 21, 2007, and a further Supplement (doc. # 34) on December 18, 2007. This court heard oral argument on the pending Motion for Temporary Restraining Order during a hearing on January 25, 2007, at which time Plaintiffs tendered additional exhibits in support of their request for temporary injunctive relief. After carefully considering the parties' briefs and exhibits, the entire court file, and the applicable case law, and being sufficiently advised in the premises, this court recommends that Plaintiffs' Motion for Temporary Restraining Order be denied.

**BACKGROUND**

Mr. and Mrs. Andrews initiated the instant federal lawsuit with the filing of a Complaint on September 19, 2007. That Complaint asserts claims against the United States Small Business Administration and Bearpaw LLC.[1] Although Plaintiffs' claims revolve around the property located at 3131 Highway 7, Estes Park, Colorado, the federal lawsuit does not seek a legal determination as to the rightful owner of the subject property. Rather, Plaintiffs seek compensatory and punitive damages for three asserted claims: breach of fiduciary duty against the Small Business Administration; tortious interference with contract by Bearpaw LLC; and intentional infliction of severe emotional distress against Bearpaw, LLC. The Andrews contend that the Small Business Administration breached its fiduciary duty to Plaintiffs by wrongfully selling the subject property to Bearpaw and Walter Brister, its sole shareholder. The Complaint alleges that Bearpaw, LLC intentionally interfered with Plaintiffs' ability to sell their property for a profit by filing a *lis pendens*. Plaintiffs assert that the district court has jurisdiction over this action pursuant to 15 U.S.C. § 634(b), which waives the sovereign immunity that the Small Business Administration might otherwise claim as a federal agency. However, a waiver of sovereign immunity does not equate to subject matter jurisdiction. *Cf. High Country Citizens Alliance v. Clarke*, 454 F.3d 1177, 1181 (10th Cir. 2006) (distinguishing between a limited waiver of sovereign immunity and a grant of subject matter jurisdiction), *cert. denied*, 127 S.Ct. 2134 (2007). For purposes of this Recommendation, I will presume that Plaintiffs wish to invoke the district court's subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction)

---

[1]Although the caption of the Complaint refers to "Bearpaw L.L.P.," the parties seemingly agree that Bearpaw is actually a limited liability corporation.

or 28 U.S.C. § 1346 (claims for money damages against the United States).

The instant federal litigation is simply the latest phase of a protracted dispute between the Andrews and Mr. Brister concerning the subject property. Even after protracted litigation in the state courts, the parties disagree as to certain salient facts surrounding their dispute and this Recommendation does not purport to resolve those differences. Rather, the following chronology of events attempts to place the pending Motion for Temporary Restraining Order in historical context.

In January 2000, the Andrews entered an agreement with Walter Brister under which Mr. Brister purportedly received an exclusive license to use and occupy a log home to be built on the subject property, which would be constructed by Mr. Andrews as general contractor. The agreement also gave Mr. Brister a non-exclusive right to use and occupy the entire 35-acres for any and all recreational purposes and an access easement to the site of the log house. By its terms, the agreement conveyed these rights to Mr. Brister for 99 years. This agreement was recorded with the Larimer County Clerk and Recorder on October 22, 2004. *See* Exhibit A attached to Defendant Bearpaw's Revised Motion for Summary Judgment (doc. # 33). Mr. Brister sued the Andrews in Larimer County in July 2005, alleging that Mr. Andrews had mismanaged the construction project and interfered with his right to possess the property. In the same lawsuit, Mr. Brister sued to quiet title to his interests in the subject property conveyed under the parties' agreement. *See* Exhibit B attached to Defendant Bearpaw's Revised Motion for Summary Judgment. With the pending state action, on July 29, 2005, Mr. Brister recorded a Notice of Lis Pendens against the property with the Larimer County Clerk and Recorder. *See* Exhibit C attached to Defendant Bearpaw's Revised Motion for Summary Judgment

At some point after entering the agreement with Mr. Brister, the Andrews borrowed $413,000 from Wachovia Bank, secured with a first position Deed of Trust. In September 2005, Wachovia Bank brought a foreclosure action (Case Number 2005CV1302) in the District Court for Larimer County, Colorado after the Andrews apparently defaulted on their loan. *See* Exhibit E attached to Defendant Bearpaw's Revised Motion for Summary Judgment  Mr. Brister was named as a defendant in that same action based upon his recorded interest in the subject property. As part of that action, the Andrews asserted a cross-claim against Mr. Brister, alleging that he breached the January 2000 agreement and was negligent in filing his Notice of Lis Pendens. *See* Exhibit F attached to Defendant Bearpaw's Revised Motion for Summary Judgment. On May 3, 2006, Larimer County District Judge Blair entered "Findings of Fact, Conclusions of Law and Order Granting Summary Judgment" in Case Number2005CV1302, finding that "Brister was . . . within his rights when he recorded the Notice of Lis Pendens." *See* Exhibit G attached to Defendant Bearpaw's Revised Motion for Summary Judgment. In the same Order, Judge Blair found that the Andrews' cross-claim was "unsupported by any credible evidence," and so frivolous and vexatious as to warrant an award of attorneys fees pursuant to C.R.S. § 13-17-102. *See* Exhibit G attached to Defendant Bearpaw's Revised Motion for Summary Judgment.

In August 2006, Mr. Brister organized Bearpaw LLC and through that entity spent approximately $110,000 to cure the default on the Andrews' loan from Wachovia Bank  However, at some point, the Andrews also had obtained a $135,900 loan from the Small Business Administration, also secured by a deed of trust on the subject property. After the Andrews defaulted on that loan, Bearpaw LLC purchased the Small Business Administration's Note for $85,000 and initiated proceedings to foreclose on the Deed of Trust securing that instrument. On

March 28, 2007, Bearpaw obtained a Public Trustee's Deed to the subject property after the Andrews failed to redeem the property from foreclosure within the statutory period. *See* Exhibit M attached to Defendant Bearpaw's Revised Motion for Summary Judgment. On September 21, 2007, Bearpaw brought an action in the County Court for Larimer County, Colorado, to evict the Andrews from the subject property. *See* Exhibit N attached to Defendant Bearpaw's Revised Motion for Summary Judgment. After that action was transferred from the County Court, the Larimer County District Court entered an Order Granting Possession of Real Property in favor of Bearpaw, along with a Writ of Restitution (Case Number 2007CV939), on December 14, 2007. *See* Exhibit P attached to Defendant Bearpaw's Revised Motion for Summary Judgment The Larimer County Sheriff is scheduled to execute on that Writ on January 29, 2008.

## ANALYSIS

Under Rule 65(b) of the Federal Rules of Civil Procedure, a temporary restraining order may be granted only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant." Furthermore, a moving party must meet four prerequisites for temporary or preliminary injunctive relief: (1) demonstrate a substantial likelihood that he will eventually prevail on the merits; (2) show that he will suffer irreparable injury unless injunctive relief is provided; (3) offer proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) show that the injunction, if issued, would not be adverse to the public interest. *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001) (citation omitted). *See also Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

The affidavit tendered by Byron Andrews in support of his request for a temporary

5

restraining order offers only the following allegations:

> The request for the Temporary Restraining Order is to prevent my eviction (see Exhibit A) from my property. Said property is in litigation in Federal Court Case No. 2007-CV-01971.
>
> Immediate and irreparable loss and damage will result to me before adverse parties attorneys can be heard in opposition.

The court has carefully evaluated these allegations and the information contained in the papers attached to Mr. Andrews' Affidavit in the context of the four essential requirements for issuance of a temporary restraining order and concludes that Plaintiffs have failed to satisfy these criteria.

First, the court determines that Plaintiffs have not demonstrated a substantial likelihood of success on the merits. Defendant Small Business Administration has moved to dismiss the Complaint in this case, pursuant to Fed.R.Civ.P. 12(b)(1), based upon Plaintiffs' failure to exhaust their administrative remedies under the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a). The FTCA represents a waiver of sovereign immunity of the United States and must be strictly construed. *Pipkin v. United States Postal Service*, 951 F.2d 272, 275 (10th Cir. 1991) (citations omitted). Section 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The United States Supreme Court has specifically held that the Federal Tort Claims Act "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). *See also Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999). Here, Plaintiffs have not alleged nor have they come forward

with evidence showing that they presented a claim to the Small Business Administration that was denied. *See also In re Ingram Barge Co.*, 435 F. Supp.2d 524, 527 n. 3 (E.D. La. 2006) (held that claimants letter to the Army Corps of Engineers did not constitute the filing of an administrative claim; filing a deficient administrative claim pursuant to the Federal Tort Claims Act is tantamount to no filing at all). Plaintiffs' apparent failure to exhaust their administrative remedies under the Federal Tort Claims Act certainly calls into question the Andrews' likelihood of success on their claim against the Small Business Administration.[2] *See also J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 386 (4th Cir. 1990) (in action against the Small Business Administration, held that the waiver of sovereign immunity under 15 U.S.C. § 634(b)(1) does not relieve a plaintiff of their obligation to exhaust administrative remedies as required by the Federal Tort Claims Act).

Plaintiffs have also failed to demonstrate a substantial likelihood of success as to their tort claims against Defendant Bearpaw, LLC. Plaintiffs' Complaint alleges that Bearpaw tortiously interfered with the Andrews' efforts to sell their land by filing a *lis pendens* against the subject property. Plaintiffs further allege that Bearpaw's *lis pendens* resulted in the intentional infliction of severe emotional distress. Defendant Bearpaw has moved for summary judgment (doc. # 33), asserting that it "has never recorded a Notice of Lis Pendens against any real property owned by the Andrews." According to Defendant,

> As the Andrews know, on July 29, 2005, Bearpaw's sole member, *Mr. Brister*, recorded a Notice of Lis Pendens on the subject property in connection with a civil

---

[2] I also note, without deciding, that the Small Business Administration's dismissal from this case would destroy subject matter jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1346. As the Andrews and Bearpaw LLC both appear to residents of Colorado, this court would lack the requisite complete diversity to support subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

7

action that he brought against the Andrews in which he asserted a claim of title interest in the property. *Bearpaw* did not record the Notice and, in fact, did not even come into existence until more than two years later.

The Andrews have not identified any *lis pendens* actually filed by Defendant Bearpaw, but attempt to avoid that evidentiary shortcoming by suggesting that "evidence clearly shows that Bearpaw is Brister and vice versa which creates a unity of interest between the two."[3] However, the Tenth Circuit has recognized that "a corporation is treated as a legal entity separate from its shareholders, thereby permitting shareholders to commit limited capital to the corporation with the assurance that they will have no personal liability for the corporation's debts." *Lowell Staats Mining Company, Inc. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1262 (10th Cir. 1989). The court in *Lowell* identified several factors that should be considered in determining whether a corporation and its shareholders are alter egos. *Id.* at 1262-63. At this juncture, Plaintiffs have not presented sufficient evidence to raise a colorable claim that Bearpaw and Mr. Brister are alter egos, or to demonstrate a substantial likelihood of success on the merits of their claims against Defendant Bearpaw.

Second, the court finds that Plaintiffs have failed to demonstrate any likelihood that they will suffer immediate and irreparable harm in the absence of the relief sought. Plaintiffs' underlying Complaint seeks economic and non-economic damages against the Small Business

---

[3]Even if the court were to accept Plaintiffs' argument and substitute the *lis pendens* filed by Mr. Brister, I note that the Larimer County District Court found, in a May 3, 2006 Order Granting Summary Judgment, that "Brister was . . . within his rights when he recorded the Notice of Lis Pendens." The Andrews had alleged that Mr. Brister was negligent in filing his Notice of Lis Pendens. The Larimer County District Court rejected that claim, finding that it was "unsupported by any credible evidence, and the Andrews Defendants can advance no rational argument based on the evidence or the law in support of their cross-claims." *See* Exhibit G attached to Defendant Bearpaw's revised Motion for Summary Judgment.

Administration and Bearpaw, L.L.C., as well as "punitive damages against both Defendants for their willful and wanton conduct." The Complaint does not seek any form of injunctive or declaratory relief. Any harm alleged by Plaintiffs in this case can be fully compensated through an award of money damages. Given the tort claims asserted in this case and the monetary recovery sought in their prayer for relief, Plaintiffs have failed to demonstrate how they will suffer immediate and irreparable harm in the absence of a temporary restraining order. Mr. Andrews' Affidavit suggests that relief under Rule 65 is necessary to prevent "[his] eviction . . . from [his] property." However, that the District Court for Larimer County, Colorado issued an Order Granting Possession of Real Property in favor of Bearpaw, LLC on December 14, 2007. That Order found "that Plaintiff Bearpaw LLC is the lawful owner of the subject real property, and [Bearpaw] is entitled to immediate possession." As a practical matter, the temporary restraining order sought by the Andrews would not address the legal effect of the state court's Oder of December 14, 2007. Mr. Andrews' Affidavit also incorrectly contends that the subject "property is in litigation in Federal Court Case No. 2007-CV-01971." While Plaintiffs' claims relate to the subject property, the Complaint does not challenge the state court Order finding that Bearpaw is the lawful owner of the subject property. In both a legal and practical sense, the subject property is not "in litigation" before this court.

     During the hearing on January 25, 2008, Plaintiffs for the first time advised this court that Mrs. Andrews' mother was buried on the subject property and suggested that their eviction would cause significant emotional pain. While this court can appreciate the emotional turmoil that Mrs. Andrews would feel in leaving the place where her mother is buried, I do not find that such an event would cause irreparable harm for purposes of Rule 65. The court notes that the Complaint

9

in this case seeks money damages, not injunctive relief, for Plaintiffs' claim for intentional infliction of emotional distress. I also note from an exhibit Plaintiffs tendered to the court on January 25, that Mrs. Andrews' mother, Elizabeth Lindgren, died on October 19, 1997. This court does not know precisely when Mrs. Lindgren was buried on the subject property, or whether the Andrews ever apprised the state courts of Mrs. Lindgren's final resting place. However, Plaintiffs had notice of Bearpaw's intent to obtain exclusive right to use and occupy the subject property as early as September 2007 and have been aware of their pending eviction since December 2007. The Andrews have had considerable time to address the particular circumstances of Mrs. Andrews' mother. I do not find that Plaintiffs' failure to act in a timely manner creates immediate and irreparable harm sufficient to support a temporary restraining order.

Finally, I note that Plaintiffs' temporary restraining order would have this court effectively reverse the Larimer County District Court's December 14, 2007 Order entering a Writ of Restitution and directed the Andrews' removal from the subject property. Similar facts arose in *Bank of New York v. Mehner*, 375 F. Supp.2d 1316 (D. N.M. 2005), where the moving party sought a temporary restraining order to stop the foreclosure sale of their personal residence. After the state court entered a final judgment and directed that a foreclosure sale proceed, the Mehners removed the lawsuit to federal court and requested a temporary injunction. In denying that request the federal district court noted that

> [f]ederal courts are reluctant to get involved in local real estate matters, which are generally state matters. There is a question whether the Court should even get involved in this dispute . . . . The Bank represents that the state court entered final judgment and has ordered the foreclosure sale to take place. . . . The Court is concerned that the Mehners had their opportunity to present their case in state court and, dissatisfied with the results, are now seeking to have the federal court

10

reverse the state court's judgment.

*Id.* at 1319. *See also Cottman Co. v. Dailey*, 94 F.2d 85, 89 (4th Cir. 1938) ("[w]here a judgment is entered by a court of competent jurisdiction, with respect to a matter in controversy before it, such judgment is binding upon the parties and may not reviewed by another court of co-ordinate jurisdiction under guise of exercising the injunctive power").

Accordingly, for the foregoing reasons, this court recommends that Plaintiffs' Motion for Temporary Restraining Order (doc. # 5) be DENIED.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 28th day of January, 2008.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge