IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01971-WDM-CBS

BYRON K. ANDREWS and
ANDREA P. ANDREWS,
Plaintiffs,
v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, and
BEARPAW, L.L.P. [sic],
Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on numerous motions. Pursuant to the Order of Reference dated October 5, 2007 (doc. # 10) and the memoranda dated December 12, 2007 (doc. # 28), December 21, 2007 (doc. # 35), and January 30, 2008 (doc. # 56), the pending matters were referred to the Magistrate Judge. The court has reviewed the Motions, the Responses filed December 21, 2007 (doc. # 36), January 8, 2008 (doc. # 39), and January 23, 2008 (docs. # 48 and # 49), the Replies filed January 8, 2008 (doc. # 38) and January 18, 2008 (doc. # 43), the pleadings, the pertinent exhibits, the entire court file, and the applicable law, and is sufficiently advised in the premises.

## I. Statement of the Case

On September 19, 2007, Mr. and Mrs. Andrews filed a complaint in the U.S.

District Court for the District of Colorado. In the Complaint, the Andrews request compensatory and punitive damages based on three claims: first, the United States Small Business Administration ("SBA") breached its fiduciary duty by foreclosing on the property without giving the Andrews information to cure their defaulted loan; second, Bearpaw LLC intentionally interfered with a potential contract by filing a lis pendens notice; and third, Bearpaw and the SBA intentionally inflicted severe emotional distress on the Andrews. (*See* Complaint (doc. # 3) at pp. 3-6 of 6). Although the Andrews incorrectly assert subject matter jurisdiction under 15 U.S.C. § 645(b), the court presumes they wish to invoke jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1346 (claims for money damages against the United States). (*See* Recommendation (doc. # 54) at pp. 2-3 of 12).

This litigation, as well as past litigation between the parties, arises from a January 2000 agreement between Walter Brister and the Andrews. (*See* Agreement (doc. # 20-2)). In the Agreement, Mr. Andrews agreed to act as contractor and build the Guest Home on the Andrews' property for Mr. Brister. Mr. Brister agreed to pay for the entire construction project. The Andrews also agreed to give Mr. Brister and his heirs a 99 year license for the use of the Guest Home, an easement from the Andrews' driveway to the Guest Home, and a Recreation License for specified portions of the Andrews' property. (*See* Agreement (doc. # 20-2) at pp. 1-2 of 8; Amended Complaint and Jury Demand in Case No. 05CV1128 (doc. # 20-3) at p. 3 of 10).

On July 18, 2005, Mr. Brister filed a complaint in the Larimer County District Court claiming, among other things, breach of contract. (*See* doc. # 20-3 at pp. 4-5 of

10). Mr. Brister argued the Andrews breached the Agreement by encumbering the property. One of the encumbrances was a deed of trust that the Andrews used to secure a $413,000 loan from Wachovia Bank. (*See* doc. # 20-3 at p. 4 of 10). On July 29, 2005, Mr. Brister recorded a "Notice of *Lis Pendens*." (*See* doc. # 20-4). Larimer County District Court Judge Hyatt "entered an Order in *Brister v. Andrews* [Case No. 05CV1128], determining that Brister [had] the present and exclusive right under the Agreement to possess the Guest Home on the property for a period of 99 years." (*See* Findings of Fact, Conclusions of Law and Order Granting Summary Judgment in Case No. 05CV1302 (doc. # 20-8) at p. 3 of 5) (hereinafter Order Granting Summary Judgment).

On September 23, 2005, Wachovia Bank brought a judicial foreclosure action against the Andrews for defaulting on their loan. (*See* Complaint in Case No. 2005CV1302 (doc. # 20-6) at p. 3 of 5). Mr. Brister and the SBA were among several defendants listed in the complaint because of their interests in the property. The Andrews filed a "Motion for Cross-Claim and Counterclaim" against Mr. Brister, alleging that Mr. Brister interfered with the Andrews' ability to re-finance or sell the property by filing the lis pendens. (*See* doc. # 20-7 at pp. 2-3 of 3). Larimer County District Court Judge Blair held that Mr. Brister was "within his rights when he recorded the Notice of Lis Pendens." (*See* Order Granting Summary Judgment (doc. # 20-8) at p. 3 of 5).

In August 2006, Mr. Brister organized Bearpaw LLC and through that entity spent approximately $110,000 to cure the default on the Andrews' loan from Wachovia. (*See* Bearpaw Motion (doc. # 33) at p. 6 of 13); Letter dated March 20, 2007 from D.

Morgan to M. Nelson (doc. # 20-9) at p. 1-3 of 3). However, the Andrews also had obtained a $135,900 loan from the SBA, secured by another deed of trust on the property. (*See* Modification of Deed of Trust (doc. # 20-10) at p. 1 of 6). After the Andrews defaulted on that loan, Bearpaw purchased the SBA's Note for $85,000 and initiated proceedings to foreclose on the Deed of Trust securing that instrument. (*See* Assignment of Deed of Trust or Mortgage Deed (doc. # 20-12) at p. 2 of 3).

On March 27, 2007, Bearpaw obtained a Public Trustee's Deed to the subject property after the Andrews failed to redeem the property from foreclosure within the statutory period. (*See* Public Trustee's Deed (doc. # 20-14) at p. 1 of 1). On September 21, 2007, Bearpaw brought an action in Larimer County Court to evict the Andrews from the property. (*See* Complaint in Forcible Entry and Detainer (doc. # 20-15) at pp. 1 of 2). After that action was transferred from the county court, the Larimer County District Court entered an "Order Granting Possession of Real Property" in favor of Bearpaw, along with a Writ of Restitution, on December 14, 2007. (*See* Order Granting Possession of Real Property to Plaintiff in Case No. 07CV939 (Exhibit P (attached to doc. # 33) at p. 3 of 3). On February 27, 2008, Judge Miller accepted Magistrate Judge Shaffer's Recommendation that the Andrews' request for a temporary restraining order from the Writ of Restitution be denied. (*See* Order on Recommendation of Magistrate Judge (doc. # 65) at p. 1-2 of 2). The Andrews have since been evicted from the property.

## II. The SBA's Motion to Dismiss

Before a party can sue a federal agency under the Federal Tort Claims Act ("FTCA"), that party must first exhaust its administrative remedies with the appropriate federal agency.[1] A party's satisfactory presentation to the administrative agency includes "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Staggs v. United States*, 425 F.3d 881, 884 (10th Cir. 2005) (quoting *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992)). In *Staggs*, the Tenth Circuit explained that the first requirement is satisfied when the party's claim "give[s] notice of the underlying facts and circumstances 'rather than the exact grounds upon which [the claimant] seeks to hold the government liable.' " *Id.* at 884 (quoting *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 853 (10th Cir. 2005)). These exhaustion requirements cannot be waived. *Boehme v. United States Postal Serv.*, 343 F.3d 1260, 1262 (10th Cir. 2003); *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991). *See also Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992) (stating that section 2675(a) "admits of no exceptions").

The Andrews have not satisfied either of these exhaustion requirements. First, the Andrews' cumulative evidence does not "sufficiently describ[e] the injury to enable the agency to begin its own investigation." *Staggs*, 425 F.3d at 884. The

---

[1] 28 U.S.C. § 2675(a) (2006) states:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

correspondence between the Andrews and the SBA does not state any facts or circumstances that give the SBA notice of the Andrews' breach of fiduciary duty or intentional infliction of emotional distress tort claims. (*See* Response (doc. # 36) at pp. 1-3 of 17 (stating facts concerning correspondence with the SBA). The only evidence that could be construed as notice is the Confidential Settlement Letter from the Andrews to the SBA that states, "Andrewses will not pursue any Legal Actions against the SBA, in currant [sic] and future Litigation that may occur, including, but not limited to, the Carins/Scott Case, nor the Brister Case, nor the foreclosure Cases." (*See* Response (doc. # 36) at pp. 16-17 of 17). This general statement fails to meet the requirements stated in *Staggs* because it doesn't state any facts or circumstances that would sufficiently describe the Andrews' alleged injuries. Furthermore, the Andrews' correspondence is void of a damages sum. (*See* Response (doc. # 36) at pp. 1-17 of 17). As stated in *Bradley*, "[f]ailure to comply with the sum certain requirement results in the case being treated 'as if no administrative claim had ever been filed.' " 951 F.2d at 271 (quoting *Caidin v. United States*, 564 F.2d 284, 287 (9th Cir. 1977)).

In addition, the court cannot waive these exhaustion requirements, as the Andrews request in their Response to the SBA's Reply. (*See* Response (doc. # 48) at p. 3 of 3). The Andrews cite *McCarthy v. Madigan*, 503 U.S. 140 (1992), to bolster their argument for a court waiver. In *McCarthy*, the United States Supreme Court stated that the judiciary must enforce the exhaustion requirement when Congress explicitly requires it, but "where Congress has not clearly required exhaustion, sound judicial discretion governs." *Id.* at 144. The *McCarthy* court held that a prisoner did not need

to exhaust his administrative remedies available with the Federal Bureau of Prisons before he filed a *Bivens* claim for money damages. As a threshold issue, the Court determined that Congress had not expressly spoken on whether a prisoner in the Bureau's custody could file a direct claim in federal court. *Id.* at 149. Unlike *McCarthy*, Congress has expressly spoken and requires a person suing the government under the FTCA to first exhaust all administrative remedies. *See* 28 U.S.C. § 2675(a) (stating that "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency . . ."). The Andrews have not exhausted their administrative remedies and this statutory requirement cannot be waived. The SBA's Motion to Dismiss is properly granted.

III. Bearpaw's Motion for Summary Judgment

If the SBA's Motion to Dismiss is granted, this court would lack the requisite original jurisdiction and the case must be dismissed. Original jurisdiction includes federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. § 1331 (2006) (stating requirements for federal question jurisdiction); *see* 28 U.S.C. § 1332 (2006) (stating requirements for diversity jurisdiction). District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Bearpaw's tortious acts do not "arise under the Constitution, laws, or treaties of the United States." Colorado law governs the Andrews' claims against Bearpaw. (*See* Complaint (doc. # 3) at pp. 4-5 of 6); *see Collins v. Nat'l Basketball Players Ass'n*, 850 F.Supp. 1468, 1481 (D. Colo. 1991)

(applying Colorado law to a corporation's alleged tortious interference with a contract); *see Davies v. Philip Morris, USA*, 863 F.Supp. 1430, 1440 (D. Colo. 1994) (applying Colorado law to a corporation's alleged intentional infliction of emotional distress). Thus, this court does not have original federal question jurisdiction.

This court also lacks the requisite diversity jurisdiction. In cases involving U.S. citizens only, district courts have diversity jurisdiction when the amount in controversy exceeds $75,000 and the lawsuit involves "citizens of different States." *See* 28 U.S.C. § 1332(a). The United States Supreme Court has interpreted this statute to mandate *complete* diversity of the parties. *See Exxon Mobil v. Allapatta Servs.*, 545 U.S. 546, 553 (2005) (noting that the Supreme Court has "consistently interpreted § 1332 as requiring complete diversity"). The complete diversity requirement is satisfied " . . . only if there is no plaintiff and no defendant who are citizens of the same State." *Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (quoting *Wisconsin Dep't of Corr. v. Schacht*, 524 US 381, 388 (1998)). In this case, the court lacks diversity jurisdiction because Bearpaw and the Andrews are both citizens of Colorado.[2] The court would be

---

[2] For diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principle place of business." 28 U.S.C. § 1332(c)(1). In determining a corporation's principle place of business, the 10th Circuit looks at the "'total activity of the company' . . . considering 'the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operations.'" *Galdin*, 222 F.3d at 799 (*quoting Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 915, n.2 (10th Cir. 1993). Bearpaw's principle office is located in Denver, Colorado. (*See* Answer (doc. # 18) at p. 2 of 4). Mr. Brister organized Bearpaw in order to "mitigate his damages and preserve his interests in the property" when the Andrews defaulted on their Wachovia Bank loan. (*See* Bearpaw's Motion (doc. # 33) ¶ 18 at p. 6 of 13). Because all of Bearpaw's activities take place in Colorado, Bearpaw's principle place of business is in Colorado. Therefore, Bearpaw is a citizen of Colorado and does not meet the

required to dismiss this case for lack of federal question and diversity jurisdiction.

Even if the court had jurisdiction, Bearpaw's Motion for Summary Judgment is properly granted. Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment." *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998). The moving party bears the burden of showing there are no issues of material fact. *Martin v. Nannie & the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir. 1993). Once this is shown, the burden falls on the non-moving party to show there are genuine issues "as to elements essential to the non-moving party's case." *Id.* "To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings." *Id.*

The Andrews assert that Bearpaw intentionally interfered with a potential contract and intentionally inflicted emotional distress on them by filing a lis pendens notice. (*See* Complaint (doc. # 3) at pp. 4-5 of 6). In its Motion for Summary Judgment, Bearpaw argues that it has never filed a lis pendens against the Andrews' property; instead, Mr. Brister, the sole shareholder of Bearpaw, filed the lis pendens against the property more than two years prior to the existence of Bearpaw. (*See* Bearpaw's Motion for Summary Judgment (doc. # 33) at p. 2 of 13).

---

requirements for diversity jurisdiction.

Bearpaw has met its burden of showing that there are no genuine issues of material fact. Bearpaw correctly states that ". . . on July 29, 2005, Bearpaw's sole member, *Mr. Brister*, recorded a Notice of Lis Pendens . . . Bearpaw did not record the Notice and, in fact, did not even come into existence until more than two years later." (*See* Bearpaw's Motion for Summary Judgment (doc. # 33) at p. 2 of 13); Notice of Lis Pendens (doc. # 20-4)). In response, the Andrews argue that Bearpaw is the alter ego of Mr. Brister and is therefore liable for the lis pendens notice. (*See* Response (doc. # 49) at p. 2 of 11). The Andrews have incorrectly applied the alter ego rule.

First, the alter ego rule is used to disregard the corporate entity and hold an individual shareholder responsible; it is not used to disregard the individual shareholder and hold the corporate entity responsible. *See In re Phillips*, 139 P.3d 639, 644 (Colo. 2006) ("[t]raditional piercing penetrates the corporate veil and imposes liability on individual shareholders for the obligations of the corporation . . . when the corporation is merely the alter ego of the shareholder . . .").[3] Second, the Andrews have not met their burden of showing that Bearpaw has perpetrated a fraud or injustice. *See Lowell Staats Mining Co. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1262 (10th Cir. 1989) ("' . . . if it is shown that shareholders used the corporate entity . . . in order to

---

[3] Even if Plaintiffs had properly raised an outsider reverse corporate veil piercing claim, they have not made a "clear showing" to disregard the corporate form. *See In re Phillips*, 139 P.3d at 646 (holding that Colorado law recognizes outsider reverse corporate veil piercing in limited situations when outsider makes a clear showing that "(1) the controlling insider and the corporation are alter egos of each other, (2) justice requires recognizing the substance of the relationship over the form because the corporate fiction is utilized to perpetuate a fraud or defeat a rightful claim, and (3) an equitable result is achieved by piercing . . .").

perpetrate a fraud or wrong on another, equity will permit the corporate form to be disregarded and will hold the shareholders personally responsible for the corporation's improper actions'") (quoting *Micciche v. Billings*, 727 P.2d 367, 373 (Colo. 1986)).

Even if Bearpaw were the alter ego of Mr. Brister, it still cannot be liable for filing the lis pendens because in a previous state court action, the judge held that Mr. Brister was within his rights in filing this notice. (*See* Order Granting Summary Judgment (doc. # 20-8) at p. 3-4 o f 5). Bearpaw has met its burden in proving there are no genuine issues of material fact. As the non-moving party, the Andrews must meet their burden in successfully arguing there are genuine issues of material fact. As the *Martin* court stated, "the non-moving party cannot rest on the mere allegations in the pleadings." *Martin*, 3 F.3d at 1414. The Andrews have rested on the allegations in their pleadings and have not met their burden. Bearpaw's Revised Motion for Summary Judgment is properly granted.

IV. The Andrews' Claims Against Bearpaw are Frivolous

The Andrews' Complaint and instant legal action against Bearpaw may also be properly dismissed as legally frivolous. On September 27, 2007, Magistrate Judge Boyd N. Boland granted the Andrews leave to proceed *in forma pauperis*. (*See* Order (doc. # 6) at p. 1 of 3). Section 1915 of Title 28 of the United States Code governs in forma pauperis proceedings. Subsection (e)(2)(B)(i) states that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i) (2006). A complaint is frivolous when "it lacks

an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court can consult its own records to determine if an action is frivolous. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972).

The Andrews lack an arguable factual or legal basis for their claim that Bearpaw intentionally interfered with a potential contract in filing the lis pendens notice. (*See* Complaint (doc. # 3) at p. 4 of 6). First, Bearpaw never filed a lis pendens; Mr. Brister filed the lis pendens more than two years before Bearpaw was incorporated. (*See* doc. # 20-4). Second, in a previous state court proceeding, Judge Blair held that "Brister was . . . within his rights when he recorded the Notice of Lis Pendens." (*See* Order Granting Summary Judgment (doc. # 20-8) at p. 3 of 5). Moreover, Judge Blair stated that the Andrews' cross-claims against Mr. Brister "are so lacking in merit and so contrary to the undisputed facts as to be considered substantially frivolous . . ." (*See* Order Granting Summary Judgment (doc. # 20-8) at p. 3 of 5). This court also finds that the Andrews' claims against Bearpaw are legally frivolous and may properly be dismissed pursuant to § 1915(e)(2)(B).

Accordingly, IT IS RECOMMENDED that:

1. Defendant United States Small Business Administration's Motion to Dismiss for Lack of Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (filed December 10, 2007) (doc. # 27) be GRANTED and Defendant United States Small Business Administration be dismissed from this civil action with prejudice.

2. Defendant Bearpaw's Revised Motion for Summary Judgment (filed

December 18, 2007) (doc. # 33) be GRANTED and judgment on the Complaint (doc. # 3) be entered in favor of Defendant Bearpaw L.L.P. and against the Plaintiffs.

3. Plaintiffs' identical Motions "to Move and Enter Lis Pendens" (docs. # 25 and # 26) be DENIED.

4. Defendant United States Small Business Administration's "Motion for a Stay of Discovery Pending a Decision on SBA's Motion to Dismiss" (filed January 28, 2008) (doc. # 53) be DENIED as moot.

5. Defendant Bearpaw's Motion to Stay Discovery (filed January 28, 2008) (doc. # 55) be DENIED as moot.

6. Defendants be awarded their costs upon submission of their Bills of Costs.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East*

*30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 10th day of April, 2008.

BY THE COURT:

s/ Craig B. Shaffer

United States Magistrate Judge