IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   07-cv-01971-WDM-CBS

BYRON K. ANDREWS and
ANDREA P. ANDREWS,

        Plaintiffs,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, and
BEARPAW, LLP [sic],

        Defendants.

_____

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**
_____

Miller, J.

        This case is before me on the recommendation of Magistrate Judge Craig B. Shaffer

(doc no 70), issued April 10, 2008, regarding several pending motions.  Magistrate Judge

Shaffer recommends, *inter alia*, that the dispositive motions filed by Defendant United

States Small Business Administration ("SBA") and Bearpaw LLC[1] ("Bearpaw") be granted

and that Defendants be awarded their costs.  Plaintiffs did not file an objection to the

recommendation and therefore are not entitled to *de novo* review.  28 U.S.C. § 636(b).  For

the reasons set forth below, I will accept Magistrate Judge Shaffer's recommendation with

one modification.

        I have reviewed the pertinent portions of the record in this case, including the

complaint, the SBA's Motion to Dismiss (doc no 27) and Plaintiffs' response, Defendant

_____

        [1]According to the records of the Colorado Secretary of State, Bearpaw is a
limited liability company, not partnership.

Bearpaw's Revised Motion for Summary Judgment (doc no 33) and Plaintiffs' response, Plaintiff's Motions "to Move and Enter Lis Pendens" (docs no 25 and 26, which are identical), the SBA's Motion for Stay of Discovery (doc no 53), and Bearpaw's Motion to Stay Discovery (doc no 55).

This case arises out events culminating in a completed foreclosure whereby Defendant Bearpaw obtained title to certain real property formerly owned by Plaintiffs. Bearpaw's principal and only member, Walter Brister, entered into an agreement with Plaintiffs in 2000 pursuant to which Brister obtained a 99 year license for use of various parts of the property, among other things. However, the property was or became encumbered by at least two deeds of trust securing loans to Plaintiffs from Wachovia Bank and the SBA. Various litigation commenced in Larimer County District Court in 2005; one of the several issues determined in the state court was the propriety of a lis pendens filed by Brister on the property after discovering the encumbrances. Thereafter Brister formed Bearpaw in order to purchase the SBA's note and to obtain the property after Wachovia began a foreclosure action against Plaintiffs. Bearpaw obtained a Public Trustee's Deed to the property on or around March 27, 2007 and eventually evicted Plaintiffs from the property. Plaintiffs filed their complaint in this action asserting claims of breach of fiduciary duty against the SBA, intentional interference with prospective contract against Bearpaw for filing the lis pendens, and intentional infliction of emotional distress against both defendants.

Magistrate Shaffer recommends that the claims against the SBA be dismissed because Plaintiffs did not properly exhaust their administrative remedies, as required under the Federal Tort Claims Act ("FTCA"). I have reviewed the documents purporting to be

notice to the SBA of the Plaintiffs' claims. I agree with Magistrate Judge Shaffer that the communications from the Plaintiffs to the SBA do not state facts or circumstances sufficient to give the SBA notice of the breach of fiduciary duty or intentional infliction of emotional distress tort claims. Therefore, such communications do not satisfy the exhaustion requirements of the FTCA and this court lacks jurisdiction to hear the matter. The claims against the SBA should be dismissed. However, because dismissal is due to lack of subject matter jurisdiction, the dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1214 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.").

I also agree with Magistrate Judge Shaffer that the claims against Bearpaw fail as a matter of law. The only tortious conduct alleged by Plaintiffs is that Bearpaw filed a lis pendens on the property and that this somehow prevented Plaintiffs from making arrangements that could have prevented the foreclosure. As noted by Magistrate Judge Shaffer, Brister, not Bearpaw, filed the lis pendens and the Larimer County District Court already determined that Brister was within his legal rights to do so. Plaintiffs have presented no evidence sufficient to create a genuine issue of material fact as to these dispositive matters. Accordingly, I will accept Magistrate Judge Shaffer's recommendation that summary judgment be entered in favor of Bearpaw and against Plaintiffs as a matter of law. Similarly, I agree with Magistrate Judge Shaffer that, in light of the previous determinations on these issues by the Larimer County District Court, Plaintiffs claims

against Bearpaw are also legally baseless.

Accordingly, it is ordered:

1.     The recommendation of Magistrate Judge Shaffer (doc no 70) is accepted as modified.

2.     Defendant SBA's Motion to Dismiss (doc no 27) is granted.  All claims asserted against the United States Small Business Administration are dismissed without prejudice.

3.     Defendant Bearpaw's Revised Motion for Summary Judgment (doc no 33) is granted.  Judgment shall enter in favor of Defendant Bearpaw LLP [aka Bearpaw LLC] and against Plaintiffs.

4.     Plaintiffs' Motions "to Move and Enter Lis Pendens" (docs no 25 and 26) are denied.

5.     Defendant SBA's Motion for Stay of Discovery (doc no 53) is denied as moot.

6.     Defendant Bearpaw's Motion to Stay Discovery (doc no 55) is denied as moot.

7.     Defendants may have their costs.

DATED at Denver, Colorado, on May 1, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge