IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-01971-WDM-CBS

BYRON K. ANDREWS and
ANDREA P. ANDREWS,

    Plaintiffs,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, and
BEARPAW, LLP [sic],

    Defendants.

## ORDER ON MOTION FOR ATTORNEYS' FEES

Miller, J.

This case is before me on the Motion for Attorney Fees (doc no 79) filed by Defendant Bearpaw, LLC ("Bearpaw"). Bearpaw seeks attorneys' fees pursuant to 28 U.S.C. § 1927 and/or this Court's inherent authority as sanctions against Plaintiffs for initiating and continuing to prosecute this lawsuit. This case arises out events culminating in a completed foreclosure whereby Defendant Bearpaw obtained title to certain real property formerly owned by Plaintiffs. Plaintiffs asserted claims against Defendant Bearpaw based on the filing of a lis pendens against the property by Bearpaw's principal, Walter Brister. In my order accepting the recommendation of Magistrate Judge Craig B. Shaffer, I concluded that Plaintiffs' claims against Bearpaw were "legally baseless," as the lis pendens was not filed by Bearpaw and the propriety of the lis pendens had already been litigated in state court. See Order on Recommendation of Magistrate Judge (doc no 73).

Bearpaw now seeks attorneys' fees against Plaintiffs for pursuing claims that they knew had no basis in fact.

28 U.S.C. § 1971 provides that any "attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay attorneys' fees incurred because of such conduct. Bearpaw argues that Plaintiffs multiplied the legal proceedings by filing a groundless claim in this Court despite previously being sanctioned in state court for asserting the same frivolous claim. Plaintiffs filed a response to the motion, but do not really address the merits of the issue, raising disputes instead about the amount and source of the attorneys' fees incurred in the state court case(s) and noting that Bearpaw's request for attorneys' fees were denied in another matter involving these same parties. Plaintiffs also accuse Bearpaw's attorney of some unidentified conflict of interest.

Nonetheless, I will deny Bearpaw's motion. Bearpaw cites to a 1991 case from this district for the proposition that section 1927 can be used to sanction abusive *pro se* litigants. *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991). However, a recent Tenth Circuit case specifies that "§ 1927 is available against only attorneys" *Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1222 (10th Cir. 2006). Accordingly, I conclude that an award of attorneys' fees is not available under 28 U.S.C. § 1927.

In addition, I decline to make an award of attorneys' fees pursuant to my inherent authority. "To deter frivolous and abusive litigation and promote justice and judicial efficiency, the federal courts are empowered to impose monetary sanctions, by statutes and the rules of civil and appellate procedure as well as their inherent right to manage their own proceedings." United States ex rel. Jimenez v. Health Net, Inc., 400 F.3d 853, 856

(10th Cir. 2005). I note that the Plaintiffs are *pro se.* While they may have had notice that their claim against Bearpaw, which was similar but not identical to the state court issue, would not succeed, I cannot determine that their actions were patently abusive or frivolous. At this time, the matter is concluded and it appears unlikely that additional litigation in this Court will result, as the underlying foreclosure and eviction are now complete. Accordingly, I conclude that a sanction is not needed at this time to deter future abusive litigation by these plaintiffs.

Accordingly, it is ordered:

1. The Motion for Attorney Fees (doc no 79) filed by Defendant Bearpaw, LLC is denied.

DATED at Denver, Colorado, on July 29, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge