IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01971-WDM-CBS

BYRON K. ANDREWS and
ANDREA P. ANDREWS,

    Plaintiffs,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION and
BEARPAW, L.L.P. [sic],

    Defendants.

## ORDER TO SHOW CAUSE

Miller, J.

This matter is before me on the document entitled "Motion for Volume II" (doc no 86), filed by Plaintiffs Byron K. Andrews and Andrea P. Andrews. On May 1, 2008, I entered an order (doc no 73) accepting the recommendation of Magistrate Judge Craig B. Shaffer and dismissing Plaintiffs' claims against the Small Business Administration ("SBA") without prejudice for failure to exhaust administrative remedies pursuant to the Federal Tort Claims Act. In addition, I entered summary judgment in favor of Defendant Bearpaw LLC and against Plaintiffs based on previous legal and factual determinations in the state court. I further noted that Plaintiffs' claims against Bearpaw were "legally baseless." Nonetheless, I denied Bearpaw's motion for attorney's fees by order (doc no 85) dated July 30, 2008.

In their most recent filing, Plaintiffs apparently seek to reopen this case by filing a new complaint, again asserting claims against the SBA and against Bearpaw. While

Plaintiffs may yet have a cause of action against the SBA if they properly exhausted their administrative remedies and their complaint is timely, the appropriate course of action for them is to commence a new lawsuit, as this case has been adjudicated and is now terminated.

However, Plaintiffs also assert a number of new tort claims against Bearpaw, which appear to be vexatious and frivolous. Plaintiffs have initiated numerous legal proceedings against Bearpaw and its principal, Walter Brister, in the Larimer County, Colorado District Court and in this Court, in efforts to reclaim or obtain damages resulting from Bearpaw's acquisition in foreclosure of property formerly owned by Plaintiffs. Plaintiffs' claims have been considered on the merits and Plaintiffs have been unsuccessful in this regard. The claims asserted here appear to be duplicative or barred by the doctrine of res judicata, or claim preclusion. The doctrine of claim preclusion "operates to bar litigation not only of matters actually decided in the earlier proceedings, but also of matters that could have been raised in the earlier proceedings, but were not." *Red Junction, LLC v. Mesa County Bd. of County Comm'rs*, 174 P.3d 841, 844 (Colo. App. 2007). Any tort claims now asserted by Plaintiffs against Bearpaw or Brister concerning the foreclosure and eviction were or could have been asserted in the previous litigation and are now barred.

Plaintiffs' efforts to recommence litigation against Bearpaw appear to be abusive. "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989) (citations omitted) (per curiam). I have the inherent power "to regulate the activities of abusive litigants by

imposing carefully tailored restrictions under the appropriate circumstances." *Id.* at 352 (*quoting Cotner v. Hopkins*, 795 F.2d 900, 902-03 (10th Cir.1986)). Restrictions that are limited to this federal district court and concerning the subject matter and parties that Plaintiffs have previously involved in their abusive litigation are generally appropriate. *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006). I conclude that restrictions on Plaintiffs' filing activities may be necessary in light of Plaintiffs' efforts to reopen this litigation against Bearpaw after this Court and the Larimer County courts have ruled against Plaintiffs repeatedly on the merits.

Accordingly, it is ordered:

1. Plaintiffs' "Motion for Volume II" (doc no 86) is denied without prejudice to filing a new complaint initiating a new lawsuit against the SBA.

2. Plaintiffs are directed to show cause on or before October 6, 2008 why Plaintiffs should not be sanctioned and/or enjoined from commencing any *pro se* action in any federal district court within the Tenth Circuit against Bearpaw and/or Walter Brister and their counsel regarding events occurring in connection with the foreclosure and eviction that were the subject of this case.

DATED at Denver, Colorado, on September 16, 2008.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge