IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01971-WDM-CBS

BYRON K. ANDREWS and
ANDREA P. ANDREWS,

    Plaintiffs,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION and
BEARPAW, L.L.P. [sic],

    Defendants.

## ORDER IMPOSING RESTRICTIONS ON PLAINTIFFS' FILING

Miller, J.

On September 16, 2008, based on their history of continuing litigation against one of the defendants in this matter, I ordered Plaintiffs Byron K. Andrews and Andrea P. Andrews to show cause why they should not be sanctioned and/or enjoined from commencing any *pro se* action in any federal district court within the Tenth Circuit against Defendant Bearpaw LLC ("Bearpaw") and/or Walter Brister ("Brister") and their counsel regarding events occurring in connection with the foreclosure and eviction that were the subject of this case.[1] See Order to Show Cause (doc no. 89). In response, Plaintiffs first filed a "Motion for Clarifications" (doc no 91), listing the prior litigation, apparently to make the point that Brister and Bearpaw, not Plaintiffs, initiated most of the lawsuits and that the Plaintiffs only asserted counterclaims. However, as Bearpaw's

---

[1] The Order to Show Cause did not concern or preclude the Plaintiffs' claims against the United States Small Business Administration (SBA), which were dismissed for failure to exhaust and not on the merits.

Response to Plaintiffs' Motion for Clarifications (doc no 92) makes clear, Plaintiffs have asserted a variety of claims and counterclaims against Brister and Bearpaw based on the same set of facts, all of which have been unsuccessful in this and previous proceedings. Plaintiffs nonetheless have attempted to continue their litigation against these parties in this Court.

Plaintiffs filed a response (doc no 93) to my Order to Show Cause. They recite some facts regarding efforts to obtain legal counsel and some interactions with the SBA. They do not, however, offer any basis or justification for their most recent efforts to recommence litigation against Brister and Bearpaw, except to assert that their previous claims were not dismissed "on the merits" and that they did not have a full and fair opportunity to litigate. This is contradicted by the record submitted in the motion for summary judgment. Plaintiffs' response does not show good cause for their conduct. They have been advised repeatedly that the claims they seek to assert based on the facts of this case (specifically Brister's filing of a lis pendens on property formerly owned by Plaintiffs, the acquisition of the same property in foreclosure by Bearpaw, and the eviction of Plaintiffs) are without legal basis.

Finally, Plaintiffs have filed two additional documents, the "Motion for Volume III F.R.C.P. 8(e)" (doc no 96) and "Motion for Joinder of Parties, F.R.C.P. 19" (doc no 95), in which they apparently attempt to again resurrect this litigation. This case was dismissed on May 1, 2008 and final judgment entered on May 2, 2008 (doc nos 73 and 75) and so these will be denied as moot. However, in these documents, Plaintiffs again attempt to plead the same claims against Brister and Bearpaw, and now against Brister's attorney Parker Semler, that were dismissed on the merits. On this record, it is

2

apparent to me that Plaintiffs' continued efforts to assert legal claims against Brister and Bearpaw are abusive and should be restricted.

Based on the above, I conclude that Plaintiffs have not shown cause why an order restricting their ability to file new *pro se* complaints against Brister, Bearpaw, and their counsel should not issue.

Accordingly, it is ordered:

1. Any *pro se* complaint or notice of removal submitted by Plaintiffs and involving Walter Brister, Bearpaw LLC, and their counsel and concerning events relating to Brister's filing of a lis pendens on property formerly owned by Plaintiffs, the acquisition of the same property in foreclosure by Bearpaw, and the eviction of Plaintiffs shall not be accepted for filing until approved by a judicial officer of this court.

2. The tendered *pro se* complaint or notice of removal shall be accompanied by a petition seeking leave to file a *pro se* complaint containing the following information:

    a. A list of all law suits filed by Plaintiffs in the United States District Court for the District of Colorado, which states for each case: (i) docket or case number; (ii) all parties; (iii) disposition of case; and (iv) current status.

    b. Identification of any party in the tendered complaint who was a party in a previous case filed by Plaintiffs to be identified by previous case number; and

    c. Whether any claim of the tendered complaint had been included in

a previous complaint to be identified by the previous case number.

3. The tendered complaint shall also be accompanied by an affidavit in proper legal form and notarized containing the following statements:

    a. The claims asserted in the tendered complaint have never been raised in any previous complaint in any federal or state court except as may be expressly noted;

    b. To best of their knowledge the claims are not frivolous or taken in bad faith, they are well-grounded in fact and warranted by existing law or a non-frivolous argument for extension, modification or reversal of existing law, that the factual contentions have evidentiary support and that the claims are not presented for any improper purpose such as to harass or unnecessarily delay or needlessly increase the cost of litigation. *See* Fed. R. Civ. P. 11; 28 U.S.C. § 1927.

4. Plaintiffs shall tender the filing fee or motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 at the time they tender their complaint or notice of removal.

5. The tendered complaint or notice of removal shall comply with all provisions of the Federal Rules of Civil Procedure, including Rule 8(a), and the Local Rules of Practice of this court.

6. Upon receipt of the petition, affidavit, and tendered complaint or notice of removal, the Clerk of this court shall mark them received, create a miscellaneous case file, and immediately forward them to the assigned

judicial officer who shall determine whether the complaint or notice of removal shall be accepted for filing. If the court grants the petition, the Clerk shall cause the complaint to be filed as of the date of the court order. If the petition is denied the matter will remain lodged in a miscellaneous file, and the filing fee shall be returned to Plaintiffs.

7. Plaintiffs' "Motion for Clarifications" (doc no 91), "Motion for Joinder of Parties (doc no 95) and "Motion for Volume III" (doc no 96) are denied as moot.

DATED at Denver, Colorado, on December 30, 2008.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge